**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FULIN WU,<br><br>Petitioner,<br><br>vs.<br><br>TODD LYONS, *U.S. Immigration and Customs Enforcement (ICE), et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:25-cv-462<br>Judge Stephanie L. Haines<br>Magistrate Judge Patricia L. Dodge |

# MEMORANDUM ORDER

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Fulin Wu ("Petitioner") (ECF No. 1). Petitioner was detained at Moshannon Valley Detention Center, has since been transferred to the Federal Corrections Institution at Lewisburg ("FCI-Lewisburg"), and claims that his prolonged detention of eleven months is unconstitutional under the Fifth Amendment. He seeks immediate release from custody. This matter was referred to Magistrate Judge Patricia L. Dodge for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On March 3, 2026, Magistrate Judge Dodge filed a Report and Recommendation (ECF No. 25) recommending that the Petition (ECF No. 1) be denied because there is active effort to obtain a travel document from the Peoples Republic of China for Petitioner as recently as October 2025 and, therefore, removal is reasonably foreseeable. ECF No. 25, p. 3. *See Zadvydas v. Davis*, 533 U.S. 678, 680 (2001) ("It is unlikely that Congress believed that all reasonably foreseeable removals could be accomplished in 90 days, but there is reason to believe that it doubted the constitutionality of more than six months' detention. Thus, for the sake of uniform administration in the federal courts, six months is the appropriate period. After the 6–month period, once an alien

provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish evidence sufficient to rebut that showing."). Petitioner was advised he could file objections to the Report and Recommendation by March 20, 2026. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. On March 16, 2026, Petitioner filed timely Objections (ECF No. 26).

Petitioner objected on three grounds. First, he said the Court erroneously found Petitioner had not made the threshold showing that removal was not significantly likely in the reasonably foreseeable future. ECF No. 26, pp. 3-4. Petitioner is not correct. The Court did find that Petitioner had made a threshold showing that he has been detained beyond a presumptively reasonable length of 6 months detention. However, the Court also found that the Government had rebutted the presumption of unreasonably lengthy detention given the proof of effort and progress toward removal.

Second Petitioner asserts that the Court misread *Khan v. U.S. Dept. of Homeland Security*, 2025 WL 3720100 (D.N.J. Dec. 23, 2025), when it used *Khan* for support that there is activity in Petitioner's case that precludes a finding that removal is unlikely in the reasonably foreseeable future. In other words, Petitioner states that the October 2025 effort to obtain the travel documents from the People's Republic of China is insufficient to show removal was reasonably foreseeable. This Court recognizes the logic Judge Dodge applied from *Khan*:

> Petitioner argues that because DHS has not effectuated his removal during prior detentions in 2008 and 2025, removal is speculative. (ECF No. 18 at 8–9.) This contention is unavailing. Prior delays, standing alone, do not establish that removal is no longer reasonably foreseeable—particularly where current diplomatic efforts are ongoing and supported by prior success in obtaining travel documents. *See Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018).

*Id.* at * 5. In this case Respondents provided an accounting of attempts to obtain travel documents and progress in that regard. However, this Court also agrees that *Khan* is factually distinguishable

because Khan was only detained for five months and was a national of Bangladesh which is not known to systemically refuse repatriation. Further there was no evidence that Bangladesh declined to issue documentation for Petitioner. In this case, we have a longer detention period, with a stall of five months since the last communication between Respondents and the People's Republic of China. In fact, the last communication *from* the People's Republic of China to the United States was July 31, 2025.

Petitioner's third argument is that the Court overlooked the holding in *Pan v. Oddo*, No. 3:25-cv-265 (W.D. Pa. Dec. 21, 2025) (Notice of Appeal (ECF No. 24) USCA Case No. 26-1356). Petitioner claims *Pan* is factually identical to his own and that Pan, a Chinese National, was ordered released from detention. While this Court does not find *Pan* to be factually identical to the case at hand, we do find that it supports this Court's finding that Petitioner's Petition should be granted. Pan was detained for a presumptive six months of reasonable detention and claimed that there was no likelihood of removal in the reasonably foreseeable future because China will still not accept him due to his criminal record and because he is not in possession of a Chinese birth certificate. The Government provided no argument that there were active communications with the People's Republic of China for Pan's removal. Without any evidence of efforts to remove Pan, this Court issued the Writ. Here, while Respondents show some history of activity in support of removal, it is lackluster and stale as it has been nearly nine months since China last communicated with the Government about the deportation of Petitioner.

Accordingly, the following order is entered:

**ORDER**

AND NOW, this 2nd day of April, 2026, IT IS ORDERED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) hereby is GRANTED insofar as it seeks Petitioner be released from Immigration and Customs Enforcement ("ICE") detention; and,

IT IS FURTHER ORDERED that Respondents shall immediately release Petitioner from ICE detention, subject to and in accordance with the conditions of his preexisting Order of Supervision; and

IT IS FURTHER ORDERED that Magistrate Judge Dodge's Report and Recommendation (ECF No. 25) is rejected as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
Stephanie L. Haines
United States District Judge